The Honorable D.R. "Buddy" Wallis State Representative Route 5, Box 48 Malvern, AR 72104-9104
Dear Representative Wallis:
This is in response to your request for an opinion on the following question:
 Does a conflict of interest exist if a city council member has an immediate family member working for the city fire department and votes on any issues pertaining to the fire department?
The answer to this question will, in my opinion, depend upon the particular "issue" before the city council. The mere fact that the council member has a family member who works for the fire department will not, however, in it itself create a conflict of interest. Rather, consideration must be given to the issue on which the council will be voting. It is possible, depending upon the particular issue, that a conflict will exist such that the council member should refrain from voting in that instance.[1]
With regard, generally, to the existence of a conflict, it has been stated that the phrase "conflict of interest," when used to suggest disqualification of a public official from performing his or her duties, ordinarily refers to "a clash between the public interest and the private pecuniary interest of the individual concerned." Gardner v. NashvilleHousing Auth., 514 F.2d 38 (6th Cir. 1975). The "conflict of interest theory" is based "on the fact that an individual occupying a public position uses the trust imposed in him and the position he occupies to further his own personal gain. It is the influence he exerts in his official position to gain personally in spite of his official trust which is the evil the law seeks to eradicate." City of Coral Gables v.Weksler, 164 So.2d 260, 263 (Fla.App. 1964). See also generally 63A Am.Jur. 2d Public Officers and Employees § 321 (1984).
The furtherance of the officer's personal interest is thus the focal point of the unlawful conflict of interest theory. See Van Hovenberg v.Holman, 201 Ark. 370, 144 S.W.2d 719 (1940). This office has, therefore, previously opined that a county quorum court member can lawfully participate in matters relating to a county office held by a relative, including budgetary matters generally. Op. Att'y Gen. 88-357. It was noted therein, however, that "prudency dictates that the quorum court member refrain from participating in decisions that are focused more narrowly upon the personal economic interest of the family member." Id.
at 3. See also Op. Att'y Gen. 86-639 (concluding that no conflict exists when a justice of the peace votes in favor of an overall county budget that only incidentally contains the salary of his son who works for the county).
It is thus apparent that the question of whether the city council member should abstain from a particular vote will require consideration of the issue(s) involved and the nature and extent of the member's personal interest. As a general matter, the council member may vote on issues pertaining to the fire department, nothwithstanding the fact that an immediate family member works for the department. Questions regarding the existence of a conflict of interest must be decided on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Please note that I have enclosed a copy of Attorney General Opinion95-097 which addressed the question of whether a person can serve as mayor if his or her son is employed by the city fire department. It was concluded that such service is not prohibited, assuming that the city has not enacted a local nepotism policy. Thus, regardless of whether a conflict exists in connection with a vote on a particular issue, it should be noted that the council member is not disqualified from serving on the council by virtue of the city's employment of his or her family member. Relationship by affinity or consanguinity to a council member is ordinarily not a basis for disqualification from public office. See 67 C.J.S. Officers § 23 (1978). Rather, this is a matter to be addressed by statute or local ordinance, as noted in Opinion 95-097.